Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 793 | **DATE** | 4/20/2011 |
| **CASE TITLE** | Salem Faud Aljabri vs. Eric H. Holder, Jr., et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint for Writ of Mandamus and Administrative Procedure Act [1] is dismissed with prejudice for lack of subject matter jurisdiction.

Mail AO 450
Docketing to mail notices.

■ [ For further details see text below.]

## STATEMENT

Before the Court is Plaintiff Salem Faud Aljabri's (also known as Salem Faud Jabri) *pro se* Complaint for Writ of Mandamus and Administrative Procedure Act, in which he seeks an order from this Court declaring him a United States citizen and preventing any deportation proceedings until his citizenship status is resolved. For the following reasons, the Complaint is dismissed for lack of subject matter jurisdiction.

Plaintiff alleges the following facts in his Complaint. By virtue of his marriage to United States citizen Sarah Al-Khudri, Plaintiff has been a legal resident of the United States since April 10, 2000. In February 2003, Plaintiff filed an N-400 Application for Naturalization to become a United States Citizen. Plaintiff was interviewed by an immigration officer on or about July 31, 2003 and, on or about November 30, 2003, he was told by an immigration officer supervisor that his application was completed but that a final decision could not be made because his background and security checks were not complete. Plaintiff alleges that, several months later, an unnamed immigration officer told him that his application had been approved. Plaintiff never received additional information from United States Citizen and Immigration Services (USCIS) regarding his N-400 application.

On or about August 8, 2006, Plaintiff was indicted in federal court for wire fraud, money laundering, and structure. A superceding indictment was filed on March 22, 2007. Plaintiff was found guilty on all counts and, on September 25, 2007, was sentenced to a prison term of 90 months, which he was serving at the Big Spring Correctional Center in Texas. On or about February 2, 2010, Plaintiff's sentence was vacated by the Seventh Circuit. Plaintiff is currently awaiting resentencing before this Court.

Plaintiff requests that the Court declare him a United States citizen and bar Defendants from initiating any deportation proceedings until his citizenship status is resolved. As a threshold matter, the Court must first address whether it has subject matter jurisdiction to adjudicate these requests. If the Court does not have subject matter jurisdiction, it must refrain from deciding this case on the merits. See, e.g., Leguizamo-Medina v. Gonzalez, 493 F.3d 772, 774 (7th Cir. 2007).

The Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B)(ii), provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be the discretion of the Attorney General, other than the granting of [asylum] relief under section 1158(a) of this title.

This language is both "palpable and unambiguous." Chaganti v. Chertoff, No. 08 C 5768, 2008 WL 4663153, at *2 (N.D. Ill. Oct. 16, 2008) (Norgle, J.); see also Sharif v. Chertoff, 497 F. Supp. 2d. 928 (N.D. Ill. 2007) (Norgle, J.) (gathering cases holding that 8 U.S.C. § 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review ultimate decisions of the Attorney General on immigration matters, as well as the time frame during which the Attorney General makes such decisions). For the reasons set forth in Chaganti and Sharif, this Court lacks subject matter jurisdiction over this case.

    Regarding Plaintiff's allegations of delay, it is noteworthy that Plaintiff was arrested on August 15, 2006, and indicted on March 22, 2007, in a multi-count superceding indictment. He has been, and remains, in custody since the date of his arrest. Plaintiff was found guilty of nine counts of wire fraud, five counts of money laundering, and ten counts of structuring transactions to evade reporting requirements. The money laundering counts were vacated on appeal and the court ordered resentencing. The events charged began in 2002, the year before Plaintiff filed his N-400 application. Plaintiff was granted several continuances and sentencing is now scheduled for May 2011. Additionally, as a condition of Supervised Release following incarceration, Plaintiff was to surrender to a duly authorized official of the Department of Homeland Security for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act. See United States v. Salem Faud Aljabri, No. 06-CR-562-1. Whether a similar special condition of Supervised Release will be a part of the judgment in the criminal case will be decided at the resentencing hearing in May 2011.

    For the foregoing reasons, this case is dismissed with prejudice for lack of subject matter jurisdiction.
IT IS SO ORDERED.