# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 793 | DATE | 1/10/2012 |
| CASE TITLE | Aljabri vs. Holder, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's Motion to Alter or Amend the Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 59(e) [7] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Salem Faud Aljabri's ("Plaintiff") (also known as Salem Faud Al-Jabri and Salem Faud Jabri) Motion to Alter or Amend the Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, Plaintiff's motion is denied.

Rule 59(e) "allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). To succeed on a Rule 59(e) motion, the movant must "clearly establish" one of the aforementioned grounds for relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). When the basis for relief is a manifest error of law, the movant must bring to the Court's attention the "wholesale disregard, misapplication, or failure to recognize controlling precedent." See Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). "Manifest errors of law are the 'rare' instances where 'the Court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension.'" Am. Safety Cas. Ins. Co. v. City of Waukegan, 776 F. Supp. 2d 670, 718 (N.D. Ill. 2011) (quoting Bank of Waunakee v. Rochester Cheese Sales, 906 F.2d 1185, 1191 (7th Cir. 1990)). A Rule 59(e) motion is not an avenue to rehash arguments already considered and rejected by the Court. Id. (citing Oto, 224 F.3d at 606).

Plaintiff alleges the following facts in his complaint. By virtue of his marriage to United States citizen Sarah Al-Khudri, Plaintiff has been a legal resident of the United States since April 10, 2000. In February 2003, Plaintiff filed an N-400 Application for Naturalization to become a United States Citizen. Plaintiff was interviewed by an immigration officer on or about July 31, 2003, and, on or about November 30, 2003, he was told by an immigration officer supervisor that his application was completed but that a final decision could not be made because his background and security checks were not complete. Plaintiff alleges that, several months later, an unnamed immigration officer told him that his application had been approved. Plaintiff never received additional information from United States Citizen and Immigration Services (USCIS) regarding his N-400 application.

On or about August 8, 2006, Plaintiff was indicted in federal court for wire fraud, money laundering, and

| STATEMENT |
|---|

structure. A superceding indictment was filed on March 22, 2007. Plaintiff was found guilty on all counts and, on September 25, 2007, was sentenced by this Court to a prison term of 90 months, which he was serving at the Big Spring Correctional Center in Texas. On or about February 2, 2010, Plaintiff's sentence was vacated by the Seventh Circuit. On June 17, 2011, Plaintiff was resentenced by this Court to a term of 84 months. In this case, Plaintiff requests that the Court declare him a United States citizen and bar Defendants from initiating any deportation proceedings until his citizenship status is resolved.

After the civil complaint was filed, the Court determined, *sua sponte,* that it lacked subject matter jurisdiction over this case. Plaintiff timely filed the instant Rule 59(e) motion.

Plaintiff does not present any newly discovered evidence and fails to establish a manifest error of law. While Plaintiff explicitly notes his disagreement with the Court's legal reasoning, he does not present any arguments that have not previously been resolved by this Court, either in this case or in others. See, e.g., George v. Dorochoff, No. 11 C 3229 (N.D. Ill. June 15, 2011) ("[W]hile George asserts that the Court has jurisdiction under 8 U.S.C. § 1447(b), 28 U.S.C. §§ 1331 and 1361, the APA, and the INA, his citation to these statutes cannot establish jurisdiction in this case."); Chaganti v. Chertoff, No. 08 C 5768, 2008 WL 4663153 (N.D. Ill. Oct. 16, 2008); Sharif v. Chertoff, 497 F. Supp. 2d. 928 (N.D. Ill. 2007). In each of these cases, this Court has considered and rejected the jurisdictional arguments set forth by Plaintiff here. The Court – while aware that this is a disputed area of law in this district and in others, see, e.g., Chertoff, 497 F. Supp. 2d at 931 (collecting cases) – finds no reason to change its direction here. Accordingly, Plaintiff's Motion to Alter or Amend the Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 59(e) is denied.

IT IS SO ORDERED.

FILED
2012 JAN 11 PH 4:44
CLERK
U.S. DISTRICT COURT